UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SOS,<br><br>                                  Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, et al.,<br><br>                                Defendants. | Case No.: 3:24-cv-00459-GPC-AHG<br><br>**ORDER GRANTING IN PART JOINT MOTION TO EXTEND DISCOVERY DEADLINE**<br><br>**[ECF No. 12]** |

      Before the Court is the parties' joint motion to amend the scheduling order. ECF No. 12. The parties seek an order from the Court continuing the fact discovery deadline and settlement conference by approximately 45 days and 60 days, respectively. *Id*.

      Parties seeking to continue deadlines in the scheduling order, or other deadlines set forth by the Court, must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *see also* ECF No. 7 at 8 (Scheduling Order, stating that "[t]he dates [] set forth herein will not be modified except for good cause shown"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end."). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

The parties represent to the Court that they have been working diligently to complete fact discovery in advance of the September 30, 2024, deadline. ECF No. 12 at 3. The parties represent that they have been attempting to take four final depositions since June, but were unable to secure dates due to counsel's trial calendars. *Id.* The parties explain that "[t]he depositions are necessary to complete the parties' evaluations of liability and damages. Without them, the currently set settlement conference is premature." *Id.* As such, the parties requested that the settlement conference set for October 2, 2024, be continued to December, and that the fact discovery cutoff be extended from September 30, 2024, to November 15, 2024. *Id.*

Upon review of the motion, the Court required supplemental briefing from the parties. ECF No. 13. Specifically, the Court required that the parties "(1) provide firm dates for the remaining depositions, (2) confirm that no other discovery is outstanding, and (3) clarify their position that '[t]he extensions requested will not affect any other deadline in this case,' [], when the expert designation and disclosure deadline is November 1, 2024." *Id.* (internal citation omitted). In their supplemental filing, the parties explained that they now only needed two more depositions, instead of four, and have scheduled those for October 22, 2024, at 1:00 p.m. and October 23, 2024, at 1:00 p.m. ECF No. 14 at 1. The parties confirmed that no other discovery was outstanding other than a subpoena to Kaiser Permanente. *Id.* at 2. The parties also confirmed that the outstanding depositions will not

impact other scheduling order deadlines, such as the November 1, 2024, expert disclosure deadline. *Id*.

The Court appreciates that the parties have been working together diligently to complete discovery. The Court finds good cause to **GRANT IN PART** the joint motion (ECF No. 12) as follows:

1. All fact discovery shall be completed by all parties by **September 30, 2024**, *except*:

    a. The outstanding subpoena for updated records from Kaiser Permanente relating to Plaintiff.

    b. The deposition of Salvador Luna will be completed by October 22, 2024.

    c. The deposition of Brian Sos will be completed by October 23, 2024.

2. The Court **VACATED** the Settlement Conference originally set for October 2, 2024. *See* ECF No. 13. The Court **RESETS** the Settlement Conference for **December 6, 2024** at **9:30 a.m.** *via videoconference* before Magistrate Judge Allison H. Goddard. The Court requires attendance of all parties, party representatives with full settlement authority,[1] including claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation via videoconference.

    a. Plaintiff must serve on Defendants a **written** settlement proposal, which must include a specific demand amount, no later than **November 14, 2024**.

---

[1] The Court reminds the parties that parties and party representatives with full and complete authority to enter into a binding settlement must be present at the MSC. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001). A person who needs to call another person who is not present at the MSC before agreeing to any settlement does not have full authority.

    b. Defendants must respond to Plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties may include their written settlement proposals in their respective Confidential Letters to the Court.

    c. Counsel for the parties must meet and confer in person, via videoconference, or by phone no later than **November 21, 2024**

    d. Each party must submit a Confidential Settlement Letter to the Court via email (to efile_goddard@casd.uscourts.gov) by **November 27, 2024**. The parties' Confidential Settlement Letters must include (1) a list of key facts not reasonably in dispute, (2) a list of facts in dispute and the specific evidence relevant to a determination of those facts, (3) a brief statement of the issues of law with respect to liability and damages, (4) a settlement analysis, (5) litigation costs, (6) a description of the main obstacles (factual, legal, or other) to reaching a settlement, (7) whether other information is needed to discuss settlement, (8) consequences to each side if no settlement is reached, and (9) a realistic settlement figure or terms that the party would consider seriously. For reference, items to be included in the Confidential Settlement Letter are further explained on page 3 of Judge Goddard's Mandatory Settlement Conference Rules (located at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf).

    e. No later than **November 27, 2024**, counsel for each party shall send an email to the Court (at efile_goddard@casd.uscourts.gov) containing: (1) the name and title of each participant, (2) an email address for each participant, and (3) a cell phone number for that party's preferred point of contact. The Court will send the Zoom invitation to all participants in advance of the conference.

   f. During the Settlement Conference, all participants shall display the same level of professionalism during the conference and be prepared to devote their full attention to the conference as if they were attending in person, i.e., cannot be driving or in a car while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

   g. Counsel are also advised that although the Settlement Conference will take place on Zoom, all participants shall appear and conduct themselves as if it is proceeding in a courtroom, i.e., all participants must dress in appropriate courtroom attire.

 3. All other dates, deadlines, and procedures set forth in the Court's Scheduling Order (ECF No. 7) **remain in place**.

**IT IS SO ORDERED.**

Dated:  September 30, 2024

                _____
                Honorable Allison H. Goddard
                United States Magistrate Judge