UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SOS,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 3:24-cv-00459-GPC-AHG<br><br>**ORDER GRANTING IN PART JOINT MOTION TO EXTEND DISCOVERY DEADLINE**<br><br>**[ECF No. 17]** |

　　　Before the Court is the parties' joint motion to amend the scheduling order. ECF No. 17. The parties seek an order from the Court continuing the fact discovery deadline. *Id*.

　　　Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *see also* ECF No. 7 at 8 (Scheduling Order, stating that "[t]he dates [] set forth herein will not be modified except for good cause shown"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"). "Good cause" is a non-rigorous standard that has been construed broadly across

procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end."). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

The parties represent to the Court that the deposition of Salvador Luna, Defendant's Rule 30(b)(6) witness, occurred on October 22, 2024. ECF No. 17; *see also* ECF No. 15 at 3 ("All fact discovery shall be completed by all parties by September 30, 2024, except: The outstanding subpoena for updated records from Kaiser Permanente relating to Plaintiff. The deposition of Salvador Luna will be completed by October 22, 2024. The deposition of Brian Sos will be completed by October 23, 2024."). During Mr. Luna's deposition, "the parties became aware that a different individual was required to testify concerning category No. 2 … and potentially category No. 3." ECF No. 17 at 3–4. The parties have agreed to take a second Rule 30(b)(6) deposition on the remaining categories, and have one scheduled for January 13, 2025, at 10:00 a.m. *Id.* at 2. As such, the parties have requested that the fact discovery be extended to include this deposition.

The Court appreciates that the parties have been working together diligently to complete discovery. The Court finds good cause to **GRANT IN PART** the joint motion (ECF No. 17) as follows:

1. All fact discovery shall be completed by all parties by **September 30, 2024**, *except*:

   a. The outstanding subpoena for updated records from Kaiser Permanente relating to Plaintiff.

   b. The second Rule 30(b)(6) deposition, regarding Categories No. 2 and No. 3, will be completed by **January 13, 2025**.

2. All other dates, deadlines, and procedures set forth in the Court's Scheduling Order (ECF No. 7) **remain in place**.

**IT IS SO ORDERED.**

Dated: December 20, 2024

_____
Honorable Allison H. Goddard
United States Magistrate Judge